NOTICE
Decision filed 06/29/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 220382-U

NO. 5-22-0382

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CHRISTINE AMBROSE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 22-MR-09 |
| | ) | |
| CONSOLIDATED COMMUNICATIONS ENTERPRISE SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Respondent | ) | Honorable |
| | ) | Mark E. Bovard, |
| (Jamie Doe, Intervenor-Appellant). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The orders of the circuit court granting petitioner's Rule 224 petition and denying intervenor's motion to dismiss are reversed and the corresponding discovery order is vacated where the Rule 224 petition was filed after the petitioner commenced a civil action for defamation and was therefore procedurally improper. The orders of the circuit court denying intervenor's motion to quash and compelling respondent to comply with the subpoena *duces tecum*, as modified, are affirmed.

¶ 2   Intervenor, Jamie Doe, appeals from the circuit court's order granting a petition under Illinois Supreme Court Rule 224 (eff. Jan. 1, 2018), filed by petitioner, Christine Ambrose, to compel respondent, Consolidated Communications Enterprise Services, Inc. (Consolidated Communications), to provide the name, address, and email addresses of a subscriber who posted

1

allegedly fictitious and defamatory reviews about Ambrose's professional services on Ambrose's internet business page. We affirm in part and reverse in part.

¶ 3                                                     I. BACKGROUND

¶ 4      A summary of the pertinent facts and the procedural background taken from the pleadings and exhibits on file follows. In 2017, Christine Ambrose, a licensed naturopathic medicine practitioner, established a naturopathic practice called Ambrose Integrative Medicine, PLLC in Portsmouth, New Hampshire. Ambrose also created business pages for her practice on several business websites, including one hosted by Google, Inc.

¶ 5      In August 2020, an unidentified individual, using the fictitious name or alias, "Stef Eanes," posted a one-star review on Ambrose's Google business page, with the following comment:

> "Absolutely horrid experience! Took my daughter to her and felt so disrespected. It'll take a while to recover from her negligence. Go elsewhere!!"

¶ 6      In September 2020, an unidentified individual, using the fictious name or alias, "Deb J.," posted a one-star review on Ambrose's Google business page, with the following comment:

> "Overpriced and rushed experience. I can't believe she charged me over 400 dollars for one visit! I guess you have to overcharge if you only work 2½ days a week. Must be nice! She calls herself a doctor but she's not even a real MD or DO. Look for a real physician that actually provides a real service."

¶ 7      Ambrose had no records indicating that she ever treated "Deb J.," "Stef Eanes" or the daughter of "Stef Eanes," and efforts to reach out to those individuals through her Google business page failed. Using a geolocator tool, Ambrose discovered that the Google accounts of "Stef Eanes" and "Deb J." had been created in August 2020 and originated from internet protocol (IP) addresses 107.77.225.58 and 107.77.226.53 (collectively, the IP addresses). In response to a subpoena issued by Ambrose, Google confirmed that the Google accounts of "Stef Eanes" and "Deb J." were created in August 2020. Google also identified two IP addresses associated with the Google

2

accounts of "Stef Eanes" and "Deb J." The first IP address was traced to FairPoint Communications, a telecommunications company that is now part of Consolidated Communications. The geographic location of the computing or mobile device associated with the first IP address was Derry, New Hampshire. The second IP address was traced to New England Telehealth Consortium, and the geographic location of the computing or mobile device associated with that IP address was Dover, New Hampshire.

¶ 8    On July 26, 2021, Ambrose filed a defamation claim in Rockingham County Superior Court, New Hampshire, against the unknown person who posted the allegedly defamatory reviews. Ambrose referred to the unknown defendant by the pseudonym, "Jane Doe." On October 14, 2021, Ambrose presented a subpoena issued in the New Hampshire lawsuit to the circuit clerk of Coles County, Illinois. Pursuant to Ambrose's request, the Coles County circuit clerk issued an Illinois subpoena that incorporated the terms of the foreign subpoena. The Illinois subpoena was directed to the respondent, Consolidated Communications, a Delaware corporation with a principal place of business in Coles County, Illinois. It directed Consolidated Communications to produce documents which were associated with two IP addresses, 70.105.239.22 and 70.20.59.154, and would lead to the identity of the defendant in the New Hampshire lawsuit.

¶ 9    On December 1, 2021, Consolidated Communications, through counsel, notified Ambrose that it contacted the subscriber associated with the IP addresses specified in the subpoena and that the subscriber would not permit Consolidated Communications to disclose the subscriber's identity. Consolidated Communications further indicated that it had preserved the identifying information and would produce it to Ambrose upon receipt of a court order compelling it to do so.

¶ 10    On February 23, 2022, Ambrose filed a verified Rule 224 petition in the circuit court of Coles County, seeking an order compelling Consolidated Communications to provide the name,

3

address, and email addresses of the subscriber who posted the allegedly defamatory online reviews. In the petition, Ambrose alleged that in 2020, her professional reputation and high Google ratings were harmed as a result of multiple fictitious reviews posted on her Google business page. Ambrose further alleged that the posted reviews accused her of professional negligence in the treatment of a patient, a poor bedside manner, and charging excessive fees for inferior services, and that the reviews were false or made with reckless disregard for the truth. She claimed that the online publication of the fictitious reviews constituted defamation *per se*.

¶ 11    In the Rule 224 petition, Ambrose also noted that she filed a lawsuit in New Hampshire on July 26, 2021, against "Jane Doe," the unknown individual who posted the defamatory reviews. In addition, Ambrose asserted that she "properly domesticated" a foreign subpoena which she served on Consolidated Communications, that the subpoena directed Consolidated Communications to produce information regarding the identity of the defendant in the New Hampshire lawsuit, and that Consolidated Communications indicated it would provide the information if a court ordered it to do so. Ambrose attached copies of the complaint filed in the New Hampshire lawsuit and the Illinois subpoena served on Consolidated Communications as exhibits in support of her Rule 224 petition.

¶ 12    On March 28, 2022, Jamie Doe (Doe) filed a petition to intervene in the Coles County action, along with a motion to dismiss the Rule 224 petition under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), and a motion to quash the subpoena issued to Consolidated Communications under section 2-1101 of the Code (735 ILCS 5/2-1101 (West 2020)). In the motion to dismiss, Doe argued that Rule 224 permits a person to compel limited discovery before filing a lawsuit, and that Ambrose filed her Rule 224 petition months after she filed her defamation suit in New Hampshire. Additionally, Doe argued that the Rule 224

petition was facially deficient because Ambrose failed to adequately allege a claim for defamation *per se*. In the motion to quash the subpoena, Doe argued that the Rule 224 petition should be dismissed because of irreparable procedural defects and insufficient allegations, and therefore, any related subpoena should be quashed. Doe also argued the subpoena served on Consolidated Communications was not limited to information regarding Doe's identity, and instead, directed Consolidated Communications to produce information that excessively intruded on Doe's privacy interests.

¶ 13    During a hearing on June 2, 2022, the circuit court granted Doe's motion to intervene, without objection. The court then heard arguments on Doe's other motions and took them under advisement. In an order issued June 13, 2022, the court denied Doe's motion to dismiss the Rule 224 petition. The court noted that while the title of Rule 224 was "Discovery Before Suit to Identify Responsible Persons and Entities," the rule itself did not state that the Rule 224 petition must be filed before a lawsuit is filed. The court found that the Rule 224 petition was "likely the sole mechanism" by which Ambrose could learn Doe's identity, and that dismissal of the petition would be inconsistent with the purpose of Rule 224 and too harsh of a sanction. The court then granted the 224 petition and ordered Consolidated Communications to produce information that would permit Ambrose to identify Doe, including the subscriber information associated with the two pertinent IP addresses. The court denied Doe's motion to quash the subpoena. The court directed Consolidated Communications to comply with the subpoena, but limited its scope to information that would permit Ambrose to identify Doe. On June 16, 2022, the court issued an "Order of Discovery" compelling Consolidated Communications to provide Ambrose with identifying information for the person associated with the pertinent IP addresses, including the name, and address, and the email addresses used to set up the account. Doe appealed.

5

¶ 14 II. ANALYSIS

¶ 15 On appeal, Doe claims that the circuit court erred in granting Ambrose's Rule 224 petition, denying Doe's motion to dismiss, and entering the order of discovery. Doe argues that the Rule 224 petition should have been dismissed because it was filed after Ambrose filed her defamation action against Jane Doe in New Hampshire, and was, therefore, procedurally improper, and because it did not set forth facts necessary to demonstrate a claim for defamation *per se*.

¶ 16 Illinois Supreme Court Rule 224 provides that "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill. S. Ct. R. 224(a)(1)(i) (eff. Jan. 1, 2018). The Committee Comments addressing Rule 224 note that "[t]his rule provides a tool by which a person or entity may, with leave of court, compel limited discovery before filing a lawsuit in an effort to determine the identity of one who may be liable in damages," and that the petition may seek identification of potential defendants through any of the discovery tools set forth in Rules 201 through 214. Ill. S. Ct. R. 224, Committee Comments (adopted Aug. 1, 1989).

¶ 17 In *Hadley v. Doe*, 2015 IL 118000, the Illinois Supreme Court shed light on the purpose and scope of Rule 224. In that case, the plaintiff, Bill Hadley, filed a defamation action in Stephenson County, Illinois, against "Subscriber Doe, a.k.a. Fuboy." Hadley alleged that the unknown individual, using the name "Fuboy," posted defamatory statements in the comments section of a local newspaper's website in response to an online article discussing Hadley's decision to run for a seat on the county board. *Hadley*, 2015 IL 118000, ¶ 2. After filing the defamation suit, Hadley served a subpoena on Fuboy's ISP, Comcast Cable Communications, requesting information concerning the name of the subscriber associated with Fuboy's IP address. Hadley also filed a motion for entry of an order directing Comcast to turn over the subscriber information.

6

The circuit court entered an order directing Comcast to comply with the subpoena, with a provision requiring Comcast to notify the subscriber, Fuboy, that he had 21 days to challenge the subpoena. Fuboy, through counsel, filed a motion to quash the subpoena. During a subsequent hearing, the circuit court advised the parties that Rule 224 provided a better procedure for discovery of Fuboy's identity. Hadley was given leave to file an amended complaint with an additional count for relief under Rule 224. *Hadley*, 2015 IL 118000, ¶ 9. Hadley filed the amended complaint pursuant to the court's instruction. Following additional briefing, the court determined that Hadley was entitled to Rule 224 relief and ordered Comcast to provide the name and last known address of Fuboy. *Hadley*, 2015 IL 118000, ¶ 11.

¶ 18    The appellate court affirmed the judgment. Subsequently, the Illinois Supreme Court granted Fuboy's petition for leave to appeal. The supreme court found that the circuit court erroneously instructed Hadley to proceed under Rule 224 after the underlying suit had begun, but there was no showing that Fuboy was prejudiced by the procedural irregularities. Under those unique circumstances, the supreme concluded that the dismissal of Hadley's suit would be too harsh a sanction, and that the procedural irregularities did not render the request for relief under Rule 224 invalid. *Hadley*, 2015 IL 118000, ¶ 22. That said, the supreme court emphasized that "the proper way to invoke Rule 224 is before suit commences," and the court cautioned that its holding "should not be read as expressing approval of the actions taken by the circuit court." *Hadley*, 2015 IL 118000, ¶ 23.

¶ 19    In this case, Ambrose initiated a defamation action against "Jane Doe" in New Hampshire before she filed the Rule 224 petition in the circuit court of Coles County, Illinois. That was procedurally improper. See *Hadley*, 2015 IL 118000, ¶¶ 22-23. Supreme Rule 224 provides a plaintiff with a procedural tool to obtain limited discovery for the purpose of identifying proper

defendants who may be liable to the plaintiff before a civil suit is filed. From our review of the record, this case did not involve the type of unique circumstances or procedural irregularities present in *Hadley*. Accordingly, we find that the Rule 224 petition was improperly filed after the petitioner commenced her defamation action, and that the circuit court erred in denying Doe's motion to dismiss the Rule 224 petition on that basis. Consequently, we will not address Doe's other contention as to the sufficiency of the allegations of defamation in the petition.

¶ 20     In ruling on the motion to dismiss, the circuit court reasoned that a dismissal of the petition would essentially leave Ambrose without recourse to discover Doe's identity. We disagree. In her pleadings, Ambrose indicated that she obtained a subpoena directed to Consolidated Communications as a tool of discovery in the New Hampshire lawsuit. Ambrose then presented the foreign subpoena to the circuit clerk of Coles County, requesting the issuance of an Illinois subpoena. Under Illinois statutory and procedural rules, when a party presents a foreign subpoena to the clerk of the court, the clerk, in accordance with the court's procedure, shall promptly issue a subpoena for service upon the person or entity to which the foreign subpoena is directed. See 735 ILCS 35/3 (West 2020); Ill. S. Ct. R. 204(b) (eff. July 1, 2014). Once a subpoena is served, an application may be made to the court for a protective order or an order to enforce, quash, or modify the subpoena. See 735 ILCS 35/6 (West 2020); 735 ILCS 5/2-1101 (West 2020).

¶ 21     Here, the circuit clerk of Coles County issued an Illinois subpoena *duces tecum*, directed to Consolidated Communications. After being served with the Illinois subpoena, Consolidated Communications informed Ambrose that it would comply with the subpoena if ordered to do so by a court. At that point, Doe filed a motion to quash the subpoena under section 2-1101 of the Code (735 ILCS 5/2-1101 (West 2020)). Section 2-1101 of the Code provides that upon motion and for good cause shown, the circuit court may quash or modify any subpoena. In this case, the

8

circuit court denied Doe's motion to quash. The court, however, in its discretion, modified the subpoena and limited its scope. The court compelled Consolidated Communications to provide Ambrose with the name, address, and the email addresses of the subscriber associated with two specific IP addresses set forth in the subpoena.

¶ 22    On appeal, Doe did not challenge the circuit court's order denying the motion to quash the subpoena and compelling Consolidated Communications to comply with the subpoena as modified.[1] Issues that are not raised on appeal or argued in the opening brief are forfeited. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020); *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010).

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, the orders of the circuit court denying the intervenor's motion to dismiss and granting the Rule 224 petition are reversed and the order of discovery is vacated. The orders of the circuit court denying the motion to quash the subpoena and compelling Consolidated Communication to comply with the subpoena, as modified by the order of June 13, 2022, are affirmed. The cause is remanded to the circuit court with instructions to retain jurisdiction to enforce the subpoena, as modified.

¶ 25    Affirmed in part and reversed in part; cause remanded with instructions.

---

[1]Case law has established that under some circumstances, an order denying a motion to quash a subpoena *duces tecum* is a final and appealable order. See *People v. Doe*, 211 Ill. App. 3d 962, 965 (1991); *Laurent v. Brelji*, 74 Ill. App. 3d 214, 216 (1979). In this case, the subpoena *duces tecum* was issued in relation to a separate civil proceeding filed by the petitioner in New Hampshire. In the motion to quash, Doe claimed that Doe's privacy interests would be harmed if Consolidated Communications complied with the subpoena. The court's order denying Doe's motion to quash and directing Consolidated Communications to comply with the subpoena effectively terminated the proceedings in Coles County, Illinois.